**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 16, 2015[*]

Decided January 21, 2016

## Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

<table>
<tr>
<td>

No. 15-1636

DANIEL L. MASARIK,<br>    *Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,<br>    *Respondent-Appellee.*

</td>
<td>

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 11-C-0048

C.N. Clevert, Jr., *Judge*.

</td>
</tr>
</table>

## Order

After we affirmed his conviction on direct appeal, see *United States v. Bartlett*, 567 F.3d 901 (7th Cir. 2009), Daniel Masarik filed a motion for collateral relief under 28 U.S.C. §2255. The district court rejected all of Masarik's arguments. 2015 U.S. Dist. LEXIS 34350 (E.D. Wis. Mar. 19, 2015). Masarik's appeal presents only two of the contentions raised in the district court.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

He first maintains that newly discovered evidence, in the form of statements that his co-defendants made in civil suits after the criminal proceedings ended, entitle him to a new trial. To the extent this argument takes the form of a request for a new trial under Fed. R. Crim. P. 33, it fails because of the three-year time limit in Rule 33(b)(1). To the extent this argument depends on §2255, it fails because relief under that statute is limited to violations of the Constitution or laws. See 28 U.S.C. §2255(a). Evidence given in other proceedings long after a criminal trial is completed does not show that the conduct of the trial transgressed any statute or constitutional rule. See *Herrera v. Collins*, 506 U.S. 390 (1993). Newly discovered evidence may relieve a prisoner from a procedural default, and thus permit litigation on genuine constitutional or statutory claims, but new evidence is not itself a basis for collateral relief. (Masarik does not contend, and could not plausibly contend, that his co-defendants' civil testimony establishes actual innocence in the sense that no reasonable factfinder could have convicted him. See 28 U.S.C. §2255(h)(1). As our original opinion recounts, the evidence against Masarik is quite strong.)

Masarik's second argument is that the prosecutor failed to reveal *Brady* information—and he seeks to excuse a procedural default on that score by contending that his appellate lawyer was ineffective for failing to raise the argument. The district court's opinion concludes that this argument fails for several reasons, only one of which we need mention: the information in question was known to the defense. Co-defendant Bartlett made a statement to the FBI, and the prosecutor did not give Masarik's lawyer a copy. Yet Bartlett testified to the same effect in the state trial that preceded the federal prosecution. Masarik and his lawyers knew what position Bartlett had staked out in that trial, at which Bartlett testified that officers Packard and Schabel, *but no one else*, had attacked Jude, the victim. The statement to the FBI repeated Bartlett's position that Masarik was not among Jude's assailants. *Brady* does not require a prosecutor to reveal information already possessed or readily accessible by the defense. See *United States v. Agurs*, 427 U.S. 97, 103 (1976); *United States v. Morris*, 80 F.3d 1151, 1170 (7th Cir. 1996). That Bartlett made similar statements to an FBI agent and a state jury does not change the nature of the information. Masarik contends that the information in the statement to the FBI, though inadmissible (it would have been hearsay if offered in the federal trial), could have led to the discovery of admissible information. That is equally true about Bartlett's testimony, so there was no constitutional problem under the *Brady* doctrine.

AFFIRMED